## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Akorn Holding Company LLC, *et al.*, | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| George Miller, Chapter 7 Trustee of the bankruptcy estate of Akorn Holding Company LLC, *et al,*, | |
| Plaintiff. | Adv. Pro. No. 25-50096 (KBO) |
| v. | |
| AFLAC Premium Holding, | **Related to Adv. Docket No. 1** |
| Defendant. | |

## ANSWER OF AFLAC PREMIUM HOLDING

AFLAC Premium Holding ("AFLAC") answers the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. Docket No. 1] of the Plaintiff as the Chapter 7 trustee ("Trustee" or "Plaintiff") for the jointly administered estates of Akorn Holding Company, LLC ("Akorn" or the "Debtors) as follows:

### FOR A FIRST DEFENSE
**(General Denial)**

### NATURE OF ACTION

1.    AFLAC admits the allegations in paragraph 1 but denies that the Trustee is entitled to the requested relief.

2.     AFLAC admits the allegations in paragraph 2 but denies that the Trustee is entitled to the requested relief.

## JURISDICTION AND VENUE

3.     AFLAC admits the allegations contained in paragraph 3 and consents to the entry by the Court of final orders and judgments in this adversary proceeding.

4.     AFLAC admits the allegations contained in paragraph 4.

5.     AFLAC admits the allegations contained in paragraph 5 and consents to the entry by the Court of final orders and judgments in this adversary proceeding.

6.     AFLAC admits the allegations in paragraph 6.

7.     AFLAC admits the allegations in paragraph 7.

8.     AFLAC admits the allegations in paragraph 8.

## THE PARTIES

9.     AFLAC admits the allegations in paragraph 9.

10.     AFLAC admits the allegations in paragraph 10.

11.     AFLAC admits the allegations in paragraph 11.

## BACKGROUND

12.     AFLAC admits the allegations in paragraph 12 to the extent they are consistent with the public docket and the filings made in the Debtors' chapter 7 bankruptcy case and denies any allegations that are inconsistent therewith.

13.     AFLAC admits the allegations in paragraph 13.

14.     AFLAC currently lacks sufficient information or belief to admit or deny the allegations paragraph 14 and therefore denies same.

15.     AFLAC admits the allegations in paragraph 15.

16.     AFLAC denies the allegation in paragraph 16 that the Transfers included any interest of the Debtors in the property transferred to AFLAC. AFLAC admits the remaining allegations in paragraph 16 regarding the Transfers as set forth on Exhibit A to the complaint but denies that the Plaintiff is entitled to avoid the Transfers.

17.     AFLAC currently lacks sufficient information or belief to admit or deny the allegations in paragraph 17 and therefore denies same.

18.     AFLAC currently lacks sufficient information or belief to admit or deny the allegations in paragraph 18 and therefore denies same.

19.     AFLAC currently lacks sufficient information or belief to admit or deny the factual allegations in paragraph 19 relating to any due diligence performed by the Trustee. The balance of the allegations in paragraph 19 involves legal conclusions to which no response is required, but AFLAC admits it has the burden of proof as to any affirmative defense.

20.     AFLAC currently lacks sufficient information or belief to admit or deny the allegations in paragraph 20 and therefore denies same.

21.     AFLAC currently lacks sufficient information or belief to admit or deny the factual allegations in paragraph 21 and therefore denies same. The balance of the allegations in paragraph 21 involves legal conclusions to which no response is required, but AFLAC admits it has the burden of proof as to any affirmative defense.

22.     AFLAC currently lacks sufficient information or belief to admit or deny the factual allegations in paragraph 22 and therefore denies same.

23.     AFLAC admits the allegations in paragraph 23 to the extent they are consistent with the public docket and the filings made in the Debtors' chapter 7 bankruptcy case and denies any allegations that are inconsistent therewith.

24.    AFLAC currently lacks sufficient information or belief to admit or deny the factual allegations in paragraph 24 and therefore denies same.

## CLAIM FOR RELIEF
### COUNT I
**(Avoidance of Preferential Transfers-11 U.S.C. § 547)**

25.    In response to the allegations in paragraph 25, AFLAC incorporates its previous, relevant responses as fully as if stated herein.

26.    AFLAC admits the allegations in paragraph 26.

27.    AFLAC denies the allegation in paragraph 27 that the Transfers constituted an interest in property of the Debtors. AFLAC currently lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 27 and therefore denies same.

28.    AFLAC admits the allegations in paragraph 28.

29.    AFLAC admits the allegations in paragraph 29.

30.    AFLAC admits the allegations of paragraph 30.

31.    AFLAC currently lacks sufficient information or belief to admit or deny the allegations in paragraph 31 and therefore denies same.

32.    AFLAC admits the allegations in paragraph 32.

33.    AFLAC currently lacks sufficient information or belief to admit or deny the allegations in paragraph 33 and therefore denies same.

34.    AFLAC admits the allegation in paragraph 34 that alleges AFLAC has not remitted the Transfers. AFLAC currently lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 34 and therefore denies same.

35.    AFLAC denies the allegations in paragraph 35.

**<u>COUNT II</u>**
**(Avoidance of Fraudulent Transfers-11 U.S.C. § 548 (a)(1)(B))**

36.     In response to the allegations in paragraph 36 AFLAC incorporates its previous, relevant responses as fully as if stated herein.

37.     AFLAC denies the allegations in paragraph 37.

38.     AFLAC denies the allegations in paragraph 38.

**<u>COUNT III</u>**
**(Recovery of Property-11 U.S.C. § 550)**

39.     In response to the allegations in paragraph 39, AFLAC incorporates its previous, relevant responses as fully as if stated herein.

40.     AFLAC denies the allegations in paragraphs 40.

41.     AFLAC admits the allegations in paragraph 41.

42.     AFLAC denies the allegations in paragraph 42.

**<u>COUNT IV</u>**
**(Disallowance of Claims-11 U.S.C. § 502)**

43.     In response to the allegations in paragraph 43, AFLAC incorporates its previous, relevant responses as fully as if stated herein.

44.     AFLAC denies the allegations in paragraph 44.

45.     AFLAC admits so much of the allegation in paragraph 45 that alleges it has not paid the amount of the Transfers or turned over such property to the Trustee, but AFLAC alleges that the Transfers are not avoidable and therefore AFLAC has no obligation to return the Transfers.

46.     AFLAC asserts the allegations in paragraph 46 contain legal conclusions to which no response is required. AFLAC further responds that (i) any claims are only subject to disallowance and (ii) it has not yet filed any claims but reserves the right to submit a proof of claim.

5

**FOR A SECOND DEFENSE**
**(Transfers Not An Interest In Property of the Debtors)**

47.     AFLAC asserts that some or all of the alleged Transfers were not transfers of an interest in Debtors' property and, therefore, cannot be avoided or recovered by the Trustee pursuant to the Bankruptcy Code.

48.     AFLAC is informed and believes that the funds represented by the Transfers were funds of employees of Debtors and were funds held in trust by the Debtors for the benefit of its employees and were transmitted to the Defendant for the benefit of the employees.

**FOR A THIRD DEFENSE**
**(Contemporaneous Exchange for New Value — 11 U.S.C. § 547(c)(1))**

49.     AFLAC asserts that some or all of the alleged preferential transfers are not avoidable as they were transfers intended by the Debtors and AFLAC to be a contemporaneous exchange for new value given to the Debtors and in fact were a substantial contemporaneous exchange as contemplated by 11 U.S.C. § 547(c)(1).

**FOR A FOURTH DEFENSE**
**(Subsequent New Value — 11 U.S.C. § 547(c)(4))**

50.     AFLAC asserts that some of all of the alleged preferential transfers are not avoidable as AFLAC extended new value to the Debtors after some of all of the alleged preferential transfers as contemplated by 11 U.S.C. § 547(c)(4)

**FOR A FIFTH DEFENSE**
**(Setoff – 11 U.S.C. § 553)**

51.     The claims of Plaintiff are subject to the right of AFLAC to assert the right of setoff and/or recoupment to the extent such rights may arise directly or indirectly from any claims of AFLAC that remain unpaid or any other legal or equitable rights of setoff and/or recoupment AFLAC may have against the Debtors or Plaintiff as contemplated by 11 U.S.C. § 553.

**WHEREFORE**, AFLAC respectfully requests that the Court deny the relief requested by Plaintiff and grant AFLAC such other relief that it deems just and proper.

Dated: July 21, 2025

**WHITEFORD TAYLOR & PRESTON LLC**

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 295-5675
Email: mphillips@whitefordlaw.com

-and-

Stanley H. McGuffin
**HAYNSWORTH SINKLER BOYD, PA**
PO Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Email: smcguffin@hsblawfirm.com

*Attorneys for AFLAC Premium Holding*